UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED OF OMAHA LIFE INSURANCE
COMPANY, a Nebraska corporation,

        Plaintiff,

v.

DOLORES M. AGUAYO and HILLARIE A.
BETHANCOURT and DENNIS LOPEZ, both
as Guardians of K.B., their minor son,

        Defendants.

02:09-CV-01864-LRH-RJJ

<u>ORDER</u>

This is an interpleader action brought pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335. Before the court is Plaintiff United of Omaha Life Insurance Company's ("Omaha") Notice of Stipulation (#35[1]).

The Notice of Stipulation states that the parties in this action have agreed (1) to dismiss Omaha with prejudice, (2) to release, discharge and acquit Omaha from any and all liability relating to the claim at issue, and (3) to award Omaha fees and costs in the compromised amount of $7,500. However, Defendants Dolores Aguayo and Hillarie Bethancourt disagree as to whether the $7,500 in attorneys' fees should be paid from the $69,447.56 fund Omaha deposited with the court

---

[1] Refers to the court's docket entry number.

or as determined by the court following its ruling on the merits of this case.

The payment of Omaha's attorneys' fees is a material part of the stipulation before the court.[2] Because the parties disagree as to how the $7,500 in attorneys' fees should be paid, the stipulation does not resolve all of the key issues concerning Omaha's involvement in this action. In the light of the remaining dispute concerning the payment of Omaha's attorneys' fees, the court finds that the dismissal of Omaha from this action is premature. Accordingly, the court cannot approve Omaha's Notice of Stipulation at this time.[3]

IT IS THEREFORE ORDERED that Omaha's Notice of Stipulation (#35) is hereby DENIED.

IT IS SO ORDERED.

DATED this 12th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Courts usually award attorneys' fees to the plaintiff in interpleader actions absent a showing of bad faith. *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194-95 (9th Cir. 1962). Courts award attorneys' fees in recognition that the interpleader plaintiff does not provoke the dispute among claimants, but instead benefits all parties by promoting early litigation of the ownership of the fund. *Trs. of the Dirs. Guild of the Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) (citing *Schirmer*, 306 F.2d at 194).

[3] The plaintiff in an interpleader action will typically be compensated for reasonable attorneys' fees out of the fund deposited in the court. *Tise*, 234 F.3d at 427. *See Cal. Pipe Recycling, Inc. v. Sw. Holdings, Inc.*, No.08-1236, 2009 U.S. Dist. LEXIS 123863, at *16, 2009 WL 424325, at *6 (E.D. Cal. Feb. 19, 2009) ("attorney fees are paid from the interpleaded fund"); *Mut. of Omaha Ins. Co. v. Estate of Arachikavitz*, No. 06-0830, 2007 U.S. Dist. LEXIS 71172, *16, 2007 WL 2788604, at *6 (D. Nev. Sept. 21, 2007) (awarding attorneys' fees from the fund).
However, if the parties agree that $7,500 is to be paid as determined by the court after the ruling on the merits of the case, the court may make such determination at a later time.